**Richmond**

HAROLD W. BEAN, JR.

v.

HUNGERFORD MECHANICAL CORP., et al.

No. 0841-92-2

Decided April 6, 1993

COUNSEL

William B. Talty (Thorsen, Page & Marchant, on brief), for appellant.

Scott Cairns (McGuire, Woods, Battle & Boothe, on brief), for appellees.

OPINION

**ELDER, J.**—Harold W. Bean, Jr., appeals from the commission's denial of benefits for his back ailment. He admits on appeal that he misrepresented his physical condition on the employer's Health Questionnaire. Nevertheless, he contends that the record contains no credible evidence: (1) that this misrepresentation was made in the course of procuring employment; (2) that the employer relied on the misrepresentation; and (3) that this reliance resulted in injury to the employee. For the reasons set forth below, we affirm the commission's denial of benefits.

Prior to May, 1990, while working as a plumber in Maine, appellant experienced pain in his neck, right shoulder and left arm. His treatment included magnetic resonance imaging (MRI), which revealed cervical spondylosis between discs C4 and C6 with degenerative disc disease at C5. It also showed bilateral C5-6 foraminal narrowing.

When appellant applied for employment as a plumber with Hungerford Mechanical on May 21, 1990, he indicated on his employment application form that he had no physical problems that would prevent him from performing his duties as a plumber were he to be hired by Hungerford. Appellant did not complete the remainder of the application process, which included a Health and Emergency Questionnaire, at that time. Harry Cole, General Superintendent of the employer's Plumbing Division, told appellant that he could not be formally hired until his references had been checked. After his references had been checked, appellant traveled to Maine to gather his belongings and returned to Hungerford on June 11 to complete the application process. At no time during this process did he disclose that he had

a history of arthritis or neck and back problems or that he had been treated by a physical therapist earlier that spring while living in Maine. On the Health and Emergency Questionnaire, he checked the boxes marked, ''no,'' in response to whether he had ever experienced arthritis or back trouble. He later admitted that these responses were false. In addition, he did not report the aforementioned injuries in response to questions concerning prior injuries and medical treatment; he reported only that he had been treated for a torn ligament in his knee.

Cole testified that he has, on occasion, denied employment to applicants based on their responses to the medical questionnaire and that, had appellant answered his questionnaire truthfully by reporting his arthritis and back, neck and arm problems, Cole would not have hired him. The parties disagreed over whether appellant's employment was contingent upon his answers to the medical questionnaire. Appellant testified that he understood that he had been hired just a few days after May 21, after his references had been checked, and that he would not have relocated from Maine had he not already been hired. However, Cole testified that the offer of employment was contingent upon completion and review of additional forms, including the medical questionnaire, although he admitted that he may not have informed appellant of this fact.

Appellant began working on June 11, 1990, and worked without incident until September 4, 1990. On that day, appellant reported that he fell at work and hit his head on a column while attempting to avoid a piece of heavy equipment. However, one of appellant's co-workers, Benjamin Craft, testified that appellant told him that he had tripped and hit his knee while coming out of a port-a-john and that appellant had said nothing about hitting his head. Craft also testified, after reviewing a photograph of the alleged scene, that he did not believe it possible for the accident to have happened in the way appellant had described.

Dr. Tiedemann, who examined appellant on that date, diagnosed him as having cervical strain with multiple contusions. Upon examining appellant again two days later, Dr. Tiedemann noted that he was totally disabled and referred him to an orthopedist, Dr. Mathews. Dr. Mathews then treated appellant from September 10 through October 10, 1990. Appellant did not tell Dr. Mathews about his earlier treatment in Maine; Dr. Mathews learned about this treatment only after

receiving copies of appellant's medical records obtained in the discovery process. Based on his review of appellant's records from the spring of 1990 and his personal knowledge of appellant's condition in the fall of that same year, Mathews testified that all of appellant's complaints could have been the result of a chronic degenerative disease such as spondylosis, rather than a single traumatic event. Dr. Mathews also testified, however, that the MRI conducted in the fall of 1990 showed disc fragmenting that was not present in the earlier MRI, which was consistent with trauma rather than a chronic ailment. In addition, Dr. Mathews testified that the severity of appellant's muscle spasms also was more consistent with trauma than with a chronic ailment. Ultimately, he testified that he could not say definitively whether the difficulties were chronic or traumatic.

Dr. Mathews reported appellant totally disabled and recommended that he have corrective surgery. As of the date of the hearing before the deputy commissioner, however, appellant reported that he had not had the surgery because the employer had denied his claim for benefits and he could not afford it.

■ Both parties agree that this case is governed by our holding in *McDaniel v. Colonial Mechanical Corp.*, 3 Va. App. 408, 411, 350 S.E.2d 225, 227 (1986):

A false representation as to physical condition or health made by an employee in procuring employment will preclude workers' compensation benefits for an otherwise compensable injury if a causal relationship between the injury and the false representation is shown and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation, and (3) such reliance resulted in the consequent injury to the employee.

■ On appeal, we are guided by the principle that decisions of the commission as to questions of fact are conclusive and binding upon this Court if supported by credible evidence. Code § 65.2-706; *see Manassas Ice & Fuel Co. v. Farrar*, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). We must view the evidence in the light most favorable to the employer, as the prevailing party below, and "[t]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." *Manassas*, 13 Va. App. at 229, 409 S.E.2d at 826 (citations omitted).

## I.

Although the commission did not find expressly that appellant's misrepresentation occurred in the process of procuring employment, this conclusion is implicit in its holding:

> We find from review of the evidence that Bean knew he had a significant pre-existing arthritic condition of his cervical spine at the time he applied to this employer for employment. He testified that he knew of the condition and that he answered the question [on the Health Questionnaire] falsely. His reason for doing so was that his arthritic condition was not bothering him at the time, so he did not feel that it was important. The various medical reports in the record which are referred to by the Deputy Commissioner clearly established this condition. While it is true, [that] the employee was able to perform his work as a plumber with the arthritic condition for a period of three months, this does not affect the employer's right to know the true health condition of an employee before assigning work duties. This is important because the employer accepts the employee with all of his infirmities and an aggravation of same by an accident becomes the responsibility of the employer.

Nevertheless, appellant argues that this misrepresentation did not take place during the process of procuring employment because he had already been hired when he completed the Health Questionnaire.

After reviewing the record and our holding in *McDaniel*, we conclude that appellant urges too narrow an interpretation of the phrase, ''in procuring employment.'' As emphasized by the commission, the employer has a ''right to know the true health condition of an employee before assigning work duties.'' Although appellant had already received at least a contingent offer of employment at the time he made the misrepresentation concerning his physical condition, we hold that the hiring process within the meaning of *McDaniel* was not complete until after the employer had obtained a more detailed medical history via the Health Questionnaire.

## II.

Appellant also argues that the record contains no credible evidence that appellee relied on the misrepresentation. He asserts that Cole's testimony concerning reliance on the misrepresentation is incredible and unsupported by any other examples of prospective employees who

had been turned away due to arthritis. As stated above, however, we must uphold the ruling of the commission as long as the record contains credible evidence to support it. Mr. Cole, appellee's agent, testified directly that he would not have hired appellant if appellant had answered the question truthfully concerning arthritis. This testimony· constitutes credible evidence sufficient to meet the employer's burden of proof and to support the commission's finding. The absence of corroborative evidence does not render Cole's testimony incredible. In addition, Cole's contingent hiring of appellant despite his knee injury does not require the conclusion that Cole would also have hired appellant if he had known of his arthritis. As Cole explained, a knee injury may be corrected, whereas arthritis is degenerative and likely will interfere with an employee's future performance. As stated above, we conclude that the record contains credible evidence to support the commission's ruling on the issue of reliance.

### III.

Lastly, appellant argues that the record contains no credible evidence that the appellee's reliance on the misrepresentation resulted in his injury. He asserts the commission actually held that his job-related accident was merely exacerbated, and not caused, by his arthritis. Nonetheless, the commission denied coverage based upon the holding in *McDaniel*. Such a holding, he argues, improperly expands the third prong of the *McDaniel* test. Even if *McDaniel* is so interpreted, however, he argues that the burden still remained on appellee to show what portion of the injury was not compensable as resulting from the arthritis.

In spite of appellant's arguments, a closer reading of *McDaniel* makes clear both that an injury that aggravates a pre-existing condition is still an injury under the third prong of *McDaniel* and that it justifies a complete denial of benefits. 3 Va. App. at 413-14, 350 S.E.2d at 228. As we noted in that case, McDaniel admitted to experiencing low back pain radiating into his right leg both as a result of a previous injury and as a result of the injury in question. He also testified that both accidents injured the same area of his back, although the discomfort from the later injury was more severe. We denied coverage in *McDaniel*, as well, even though the accident merely exacerbated a pre-existing injury:

"Under the Virginia Workmen's Compensation Law, the employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident. Under such circumstances, there is compelling reason for the employer to ascertain the physical condition of the prospective employee before entering into the employment contract. If material misrepresentations as to his physical condition are made by the prospective employee to the prospective employer and employment is afforded on the basis of misrepresentations to the detriment of the employer it is only right and just that compensation benefits be denied."

*Id.* at 414, 350 S.E.2d at 228 (quoting *Hawkins v. Lane Co.*, 49 O.I.C. 144, 147 (1967)). Likewise, in this case, appellant concedes that his injury to discs C4 to C6 was exacerbated due to his pre-existing condition of arthritis in that same area, although he argues that the record contains no evidence through which the court might determine the extent of that exacerbation. Such a determination is unnecessary, however, for under *McDaniel*, appellant's misrepresentation justifies a denial of all benefits. On this basis, we find credible evidence in the record to support the commission's determination that the employer's reliance resulted in injury to the employee under the third prong of *McDaniel*, thereby justifying the denial of benefits.

For the aforementioned reasons, we affirm the full commission's denial of benefits.

*Affirmed.*

Barrow, J., and Moon, J., concurred.