COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


LILLY TRUCKING OF VIRGINIA, INC.
AND
HARTFORD UNDERWRITERS INSURANCE COMPANY

                                       MEMORANDUM OPINION[*]
v.    Record No. 0106-95-4               PER CURIAM
                                         MAY 23, 1995
CURTIS R. HALEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Dawn E. Boyce; Trichilo, Bancroft, McGavin, Horvath &
                  Judkins, on briefs), for appellants.

                  (Robert B. Patterson, on brief), for appellee.



     Lilly Trucking of Virginia, Inc. and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in finding that

(1) Curtis Haley's misrepresentations on his employment

application did not bar his claim for compensation benefits; and

(2) Haley was totally disabled since his August 25, 1992,

compensable injury by accident.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appellate review, we construe the evidence in the light

most favorable to the prevailing party below.  R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1990). When so viewed, the evidence proved that Haley sustained an injury by accident on August 25, 1992, when a binder struck his head, nose, and left eye. Haley suffered severe injuries, including several head fractures. Shortly after his August 25, 1992, accident, Haley developed headaches and seizures. He also developed problems with his eyesight. The employer voluntarily paid temporary total disability benefits to Haley until October 1993. Due to the employer's termination of benefits, Haley filed an application for benefits with the commission on November 3, 1993.

Employment Application

The employment application that Haley filed with the employer on July 6, 1992, indicated that Haley had no physical limitations and was physically capable of performing heavy manual work. However, at the hearing Haley admitted that he injured his back in a September 3, 1990, accident. On September 3, 1992, a Motion for Judgment was filed on Haley's behalf seeking damages for the 1990 accident. This pleading alleged that Haley sustained a broken back and permanent disability due to a September 3, 1990, accident. Haley testified that he had never seen this pleading and he denied that he suffered a broken back as a result of that accident. Sharon Lilly, employer's secretary/treasurer, testified that Haley would not have been hired if the employer had known of Haley's back condition and related lawsuit. She stated that the employer's drivers were

required to engage in heavy manual work.  Lilly testified, however, that during Haley's employment, no complaints were made concerning his ability to perform his work and he was not reprimanded concerning his work performance.

In rejecting the employer's misrepresentation defense, the commission found as follows:

> [T]he uncontradicted testimony of Ms. Lilly establishes the employer relied on the representation.  However, the evidence does not show this reliance resulted in the injury or that there is a causal relationship between the asserted misrepresentation and the injury.  There is no evidence establishing that some infirmity, limitation or injury of [Haley's] back hindered him in securing the load or otherwise caused his industrial accident.

This Court has held:

> A false misrepresentation as to physical condition or health made by an employee in procuring employment will preclude workers' compensation benefits for an otherwise compensable injury if a causal relationship between the injury and the false representation is shown and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation, and (3) such reliance resulted in the consequent injury to the employee.

McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 411-12, 350 S.E.2d 225, 227 (1986) (citations omitted).  See also Bean v. Hungerford Mechanical Corp., 16 Va. App. 183, 186, 428 S.E.2d 762, 764 (1993); Grimes v. Shenandoah Valley Press, 12 Va. App. 665, 667, 406 S.E.2d 407, 409 (1991).

No evidence proved the existence of a causal relationship

3

between Haley's August 25, 1992, injuries and his representation on the employment application that he was not under any physical limitations.  Although the evidence showed that Haley sustained a back injury that he failed to disclose on his employment application, no evidence causally related Haley's back condition to the August 25, 1992, industrial accident.

The employer's further contention that Haley's failure to obtain a DOT physical barred his recovery of compensation benefits is without merit.  The evidence showed that Haley had fifteen days from August 24, 1992, within which to obtain the physical.  Accordingly, the commission did not err in rejecting the employer's misrepresentation defense.

<u>Disability</u>

In ruling that Haley was totally disabled since August 25, 1992, the commission found as follows:

> The Deputy Commissioner found that [Haley] had remained totally disabled since the August 25, 1992 accident.  We agree.  The fact that he drives during short trips around town and engages in light tasks does not establish he is able to perform work at any level on a regular basis.  We note, as did the Deputy Commissioner, that the medical record is not comprehensive on the issue of [Haley's] work capacity.  The only specific report is from Dr. Shuping, who opined in early 1994 that [Haley] cannot drive for at least another year.  Considering Dr. Shuping's report, [Haley's] ongoing headaches and seizures stemming from serious head trauma, and the lack of medical evidence to the contrary, we find the record supports the Deputy Commissioner's decision.

Factual findings made by the commission will be upheld on

4

appeal if supported by credible evidence.  <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Haley's testimony and Dr. Shuping's reports constitute credible evidence to support the commission's finding.  Accordingly, the commission did not err in ruling that Haley remained totally disabled since his August 25, 1992, industrial accident.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>