COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Koontz[*] and Willis
Argued at Salem, Virginia


VANITY FAIR CORPORATION

v.        Record No. 1734-94-3            OPINION BY
                                   JUDGE JERE M. H. WILLIS, JR.
MELISSA MONGER                        SEPTEMBER 12, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Thomas G. Bell, Jr. (Timberlake, Smith,
          Thomas & Moses, P.C., on briefs), for
          appellant.

          A. Thomas Lane Jr., for appellee.


     Vanity Fair Corporation and Wrangler (employers) appeal the
decision of the Workers' Compensation Commission awarding Melissa
Monger temporary total disability benefits from August 19, 1993.
 The employers contend that no credible evidence supports the
commission's finding that Ms. Monger suffered a compensable
occupational disease under Code § 65.2-400.  We agree and reverse
the decision of the commission.

     On June 2, 1993, Ms. Monger began work on Wrangler's
production line.  She performed several jobs, including:  placing
bands on jeans using her left hand to push the fabric through the
machine; putting rivets on jeans with her right hand and placing
buttons with her left; buttoning the jeans; and zipping the jeans
using a pincer motion with her left thumb and index finger.

          [*]Justice Koontz participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

"When [she] was putting [her] rivets on [on July 26, 1993 her] fingers (sic) swelled and a knot popped out in it and [she] went and turned it in as an accident. . . . [She] done the jobs all the way up to the rivets and [she] put the rivets on the jeans and when [she] buttoned the pants and zipped them up, that's when [her] finger started bothering [her]."

Ms. Monger reported the swelling and stiffness to her supervisor. The next day, she sought treatment from her family physician, Dr. Prager. Dr. Prager diagnosed the swelling as "inflammatory cyst [secondary] to repetitive trauma." He referred Ms. Monger to Dr. Frederick L. Fox, an orthopedist. On August 19, 1993, Dr. Fox diagnosed her as having a "cyst of left index finger, compatible with a traumatic type episode." He placed her on medication and limited the use of her hand. Because she was unable to perform her regular job, Ms. Monger requested light duty work, but none was available. On September 20, 1993, she filed a claim for benefits.

On December 21, 1993, Ms. Monger's attorney mailed Dr. Fox a questionnaire, including the following two questions:
(1) To within a reasonable degree of medical certainty, would it be your opinion that the repetitive nature of Ms. Monger's job at Wrangler directly resulted in her left index finger injury?

\*     \*     \*     \*     \*     \*     \*

(4) Could you please state whether the above noted condition would, in medical terminology, be considered a disease which is related to the claimant's occupation?

- 2 -

Dr. Fox responded "Yes" to both questions.

The deputy commissioner denied Ms. Monger's claim for benefits. He found that she had not proved an injury by accident or "that her symptoms are the product of a disease or a disease process." He concluded that she "suffered from symptoms produced by cumulative trauma."

The full commission reversed the deputy commissioner's decision. Addressing the issue of whether Ms. Monger's condition was a disease, Merillat Industries, Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993), the commission held:

> The medical evidence on this issue comes from Dr. Fox's responses to inquiries from claimant's counsel. While the first question posed by the attorney uses the term "injury," the final question asked, "Could you please state whether the above noted condition would, in medical terminology, be considered a disease which is related to the claimant's occupation?" The doctor responded yes. Although there is initial reference by the doctor on August 19, 1993, to a traumatic injury, this is not inconsistent with the development of a disease.
>
> We therefore find that the condition is a disease.

Finding that the disease resulted from Ms. Monger's job, the commission awarded her benefits.

Upon appellate review, the commission's findings of fact will be upheld if they are supported by credible evidence. James v. Capitol Steel Construction Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488-89 (1989). "A question raised by conflicting medical opinion is a question of fact." City of Norfolk v.

Lillard, 15 Va. App. 424, 429, 424 S.E.2d 243, 246 (1992).  We view the evidence in the light most favorable to the party prevailing below, and "the fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding."  Bean v. Hungerford Mechanical Corp., 16 Va. App. 183, 186, 428 S.E.2d 762, 764 (1993).  However, to be upheld, the commission's holding must find support in the record.

To be compensable as an occupational disease, a condition must first qualify as a disease.  Merillat, 246 Va. at 432, 436 S.E.2d at 601.  A disease is defined as:

Any deviation from or interruption of the normal structure or function or any part, organ, or system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may be known or unknown.

Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993) (quoting Sloane-Dorland Ann. Medical-Legal Dictionary 209 (1987)).  However, for purposes of the Workers' Compensation Act, the definition of "disease" cannot be "so broad as to encompass any bodily ailment of whatever origin."  Merillat, 246 Va. at 433, 436 S.E.2d at 601.

An injury is "an obvious sudden mechanical or structural change in the body."  A disease is a condition, which may arise from any number of causes, including trauma, that impairs the function of the body or any part thereof.  The distinction between injury and disease lies in the "obvious sudden mechanical or structural" aspect of injury.

Perdue Farms, Inc. v. McCutchan, ___ Va. App. ___, ___, ___

S.E.2d ___, ___ (1995) (citation omitted).

Dr. Fox gave contradictory opinions as to whether Ms. Monger suffered from a disease. On August 19, 1993, he diagnosed her as having a cyst on her left index finger due to the repetitive nature of her work and compatible with trauma. In three subsequent examinations, Dr. Fox never classified the cyst as a disease. Only in response to the questionnaire sent by Ms. Monger's attorney, suggesting that the cyst was a disease, did Dr. Fox answer, "yes." However, this question was couched in terms of causation. This single, ambiguous answer is insufficient to overcome explicit, repeated, and uncontradicted medical evidence that the cyst, a sudden obvious mechanical change in the body, was not a disease but an injury caused by the repetitive trauma of Ms. Monger's job. Repetitive trauma injuries are not compensable under the Workers' Compensation Act. Merillat, 246 Va. at 433, 436 S.E.2d at 602.

The judgment of the commission is reversed.

Reversed.

Koontz, J., concurring in result.

For the reasons more fully stated in my dissent in <u>Perdue Farms, Inc. v. McCutchan</u>, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1995) (Koontz, J., dissenting), I would reverse the decision of the commission.