COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Willis and Senior Judge Hodges


BOAR'S HEAD PROVISIONS COMPANY
and
SENTRY INSURANCE A MUTUAL COMPANY

v.        Record No. 0207-95-4       MEMORANDUM OPINION* BY
                                     JUDGE JERE M. H. WILLIS, JR.
JUDY INEZ WOODLEY                       SEPTEMBER 19, 1995


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Warren H. Britt; Curtis G. Manchester;
                 Vernon C. Howerton, Jr.; Parvin, Wilson,
                 Barnett & Guynn, P.C., on briefs), for
                 appellants.

                 (Wesley G. Marshall; Peter M. Sweeny &
                 Associates, P.C., on brief), for appellee.


        On appeal from an award of compensation to Judy Inez

Woodley, Boar's Head Provisions Company and Sentry Insurance A

Mutual Company (Boar's Head) contend the Workers' Compensation

Commission erred (1) in holding that Ms. Woodley's carpal tunnel

syndrome (CTS) is a disease and (2) in holding that Ms. Woodley

suffered a compensable occupational disease as defined by Code

§ 65.2-400.  We find this appeal to be without merit and

summarily affirm the decision of the commission.  Rule 5A:27.

        Upon appellate review, the commission's findings of fact

will be upheld if they are supported by credible evidence.  James

v. Capitol Steel Construction Co., 8 Va. App. 512, 515, 382

S.E.2d 487, 488 (1989).  "A question raised by conflicting

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

medical opinion is a question of fact."  City of Norfolk v. Lillard, 15 Va. App. 424, 429, 424 S.E.2d 243, 246 (1992).  We view the evidence in the light most favorable to the party prevailing below, and "the fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding."  Bean v. Hungerford Mechanical Corp., 16 Va. App. 183, 186, 428 S.E.2d 762, 764 (1993).

While employed by Boar's Head, Ms. Woodley contracted carpal tunnel syndrome, which was diagnosed by her doctors as a disease more likely than not caused by the conditions of her employment.  The doctors denied awareness of any non-employment related activity which substantially exposed Ms. Woodley to the risk of carpal tunnel syndrome.

The Supreme Court in Merillat Industries, Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993), held that the Workers' Compensation Act "requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease."  Id. at 432, 436 S.E.2d at 601.  A disease is defined as:

> any deviation from or interruption of the normal structure or function of any part, organ, or system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs whose etiology, pathology, and prognosis may be known or unknown.

Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993) (quoting Sloane-Dorland Ann. Medical-Legal Dictionary

209 (1987)).

> Carpal Tunnel Syndrome is defined as:
> a complex of symptoms resulting from compression of the median nerve in the carpal tunnel, with pain and burning or tingling paresthesias in the fingers and hand, sometimes extending to the elbow.

Dorland's Illustrated Medical Dictionary 1289 (26th ed. 1985).

Boar's Head argues that although CTS may be classified as a disease under the definition of Piedmont, Merillat expressly rejects compensability for an injury or disease that results from repetitive motion or cumulative trauma. We disagree. Merillat distinguishes trauma from disease and denies compensation for an injury resulting from cumulative trauma. An injury is "an obvious sudden mechanical or structural change in the body." Chesterfield Co. v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). See Perdue Farms v. McCutchan, ___ Va. App. ___, ___ S.E.2d ___ (1995).

Ms. Woodley's doctors termed her CTS a disease and the record supports that diagnosis. No evidence described her condition as an "obvious sudden mechanical or structural change" in her body. Therefore, credible evidence supports the commission's finding "that the claimant suffered a compensable occupational disease [right carpal tunnel syndrome] arising out of and in the course of her employment . . . ."

We affirm the decision of the commission.

Affirmed.