COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

TIDEWATER EQUIPMENT CORPORATION

v.          Record No. 2516-94-1          MEMORANDUM OPINION* BY
                                          JUDGE RICHARD S. BRAY
DAVID EARL RUSSELL                        OCTOBER 3, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Susan B. Potter (Henry P. Bouffard; Vandeventer,
Black, Meredith & Martin, on brief), for appellant.

William E. Baggs for appellee.


Tidewater Equipment Corporation (employer) appeals the decision of the Workers' Compensation Commission (commission) awarding temporary total disability and medical benefits to David Earl Russell (claimant). Employer contends that claimant is precluded from benefits because he misrepresented his physical condition to procure employment. We disagree and affirm the award.

The parties are fully conversant with the record, and we recite only those facts necessary to this opinion.

On appeal, we construe the evidence in the light most favorable to the party prevailing below, claimant in this instance. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App.

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

276, 279, 348 S.E.2d 876, 877 (1986) (citations omitted); see Code § 65.2-706. "In determining whether credible evidence exists," this Court will not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).

It is uncontroverted that claimant suffered a back injury on September 2, 1993, while working for employer as a "shipfitter." Claimant had previously injured his back during military service in 1986 and 1988 and was medically discharged on May 1, 1990. A third back injury resulted from a work-related accident with another employer in May, 1991, which required surgical intervention. Claimant's treating surgeon on that occasion concluded that claimant had reached maximum medical improvement, ordered a Functional Capacity Evaluation (FCE), and recommended "retraining" consistent with the FCE. The FCE report, dated June 4, 1992, noted that any "vocation that require[d] heavy lifting or sustained standing, sitting or walking" was "not . . . feasible" for claimant.

On February 26, 1993, claimant applied for the position with employer. This work involved lifting up to 75 pounds, "bending," and "climbing." On the related employment application, claimant disclosed that he had been "operated on," "[r]eceived worker's [sic] compensation benefits," injured his back, and "[l]ost work time because of [an] occupational injury." Elsewhere on the application, claimant wrote that his "lower back was operated on do

- 2 -

[sic] to a fall," with attendant "worker's [sic] compensation until [he] was well. 5/1990 – Release 11/90." He confirmed that he was "aware of all job related functions" and was "able to perform" in the "position." Claimant later attributed inaccuracies and omissions in the application to carelessness and oversight and denied previous knowledge of the FCE.

William Moore, employer's office manager, testified that employer was unaware of claimant's 1991 injury until after the subject accident. He testified that claimant was hired conditioned upon the representations that he understood and could perform the tasks of a shipfitter, and had been medically released to "full" duty.

> It is well established that
> [a] false representation as to physical condition or health made by an employee in procuring employment will preclude workers' compensation benefits for an otherwise compensable injury if a causal relationship between the injury and the false representation is shown and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation, and (3) such reliance resulted in the consequent injury to the employee.

McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 411–12, 350 S.E.2d 225, 227 (1986) (citations omitted); see Bean v. Hungerford Mechanical Corp., 16 Va. App. 183, 186, 428 S.E.2d 762, 764 (1993). Here, however, we do not find that claimant misrepresented his physical condition as contemplated by McDaniel. We concur with the commission that, although the "FCE reflect[ed] lifting, standing, walking, and sitting restrictions[,] . . . [t]here is insufficient evidence that . . . claimant's job [with employer] exceeded these

– 3 –

somewhat vague restrictions."  Moreover, he denied knowledge of these limitations.

Claimant's awareness of the "job related functions," and assurances to employer that he could perform them, also do not constitute misrepresentations.  As the commission noted, "[b]oth of these queries call[ed] for a subjective determination by the [claimant] as to his physical capabilities."  Although claimant may have considered himself incapable of "heavy labor" in June, 1992, intervening employment and other circumstances justified a different assessment at the time of the disputed application to employer.

Accordingly, our review of the entire record discloses sufficient support in the evidence for the commission's finding that claimant did not misrepresent his physical condition to employer, and we affirm the decision.[1]

                                                    Affirmed.

---

[1]Because the deputy commissioner made no "specific, recorded observation regarding the behavior, demeanor or appearance" of a witness in relation to an explicit credibility finding, the commission was not required to "articulate[] a basis for its different conclusion . . . ."  Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 728-29, 418 S.E.2d 904, 907 (1992).