COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


FARM FRESH AND TRAVELERS INSURANCE COMPANY

v.          Record No. 2469-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
WILLIAM GREGORY GOLICIC                   OCTOBER 10, 1995


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Warren H. Britt (Curtis G. Manchester; Vernon C.
Howerton, Jr.; Parvin, Wilson, Barnett & Guynn,
P.C., on briefs), for appellants.

John H. Klein (Rutter & Montagna, on brief), for
appellee.


The Workers' Compensation Commission awarded William Gregory
Golicic (claimant) benefits from an injury while working for Farm
Fresh (employer).  The full commission found that claimant had
not misrepresented his physical condition to employer at the time
of hiring.  After reviewing the record, we reverse that ruling
and remand the case to the commission for the necessary
determination of the causation of the injury in question.

Claimant worked for employer from January 1990 to April
1991.  Later he worked for IGA, a different company, where, on
June 8, 1992, claimant sustained a back injury.  From June 9 to
August 3 of that year claimant applied for and received total
disability payments.  On June 28, 1992, claimant started to work
for Farm Fresh again.  In response to questions on the July 6,

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

1992, application for that job, claimant disclosed no restrictions or limitations on his physical condition.

Claimant asserts that he answered the questions truthfully because he subjectively believed that he could perform the job adequately. In rejecting this assertion, we rely mainly upon Bean v. Hungerford Mechanical Corp., 16 Va. App. 183, 428 S.E.2d 762 (1993). In Bean, we recognized the right of the employer "to know the true health condition of an employee before assigning work duties." Bean, 16 Va. App. at 187, 428 S.E.2d at 764-65. The employer must be fully informed because it accepts the employee with all his infirmities and an aggravation of a previous injury by accident becomes the responsibility of the employer. Id. A false misrepresentation as to physical condition or health made by an employee in procuring employment will preclude workers' compensation benefits if a causal relationship between the injury and the misrepresentation is shown and (1) the employee knew the representation to be false, (2) the employer relied upon the false representation, and (3) such reliance resulted in the consequent injury to the employee. Bean, 16 Va. App. at 186, 428 S.E.2d at 764; see McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 411, 350 S.E.2d 225, 227 (1986).

Claimant, receiving total disability payments at the time of the application, must be charged with a knowing false misrepresentation. The record shows further that employer relied

upon this misrepresentation in hiring claimant.  The only question remaining is that of the causal connection between the misrepresentation and the resulting injury.  We leave determination of this issue to the commission.

For the reasons above, we reverse the finding of the commission on the issue of claimant's false misrepresentation and remand the case for the resolution of causation.

<u>Reversed and remanded.</u>