COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
         Senior Judge Hodges
Argued at Richmond, Virginia


BENNETT MINERAL COMPANY
and
ALEXSIS RISK MANAGEMENT SERVICES       MEMORANDUM OPINION[*] BY
                                       JUDGE ROSEMARIE ANNUNZIATA
v.   Record No.  2517-94-2                  OCTOBER 24, 1995

CHRISTOPHER FAYETTE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Cathie W. Howard; Roya Palmer; Williams & Pierce,
            on brief), for appellants.

            (B. Mayes Marks, Jr.; Marks & Lee, P.C., on brief), for
            appellee.


        Bennett Mineral Company and Alexsis Risk Management Services
(hereinafter collectively referred to as "employer") appeal a
decision of the Workers' Compensation Commission awarding
benefits to Christopher Fayette (claimant).  The employer
contends that the commission erred in finding that the claimant's
bilateral carpal tunnel syndrome, epicondylitis, and overuse
syndrome qualified as "diseases" under the holding of Merillat
Indus., Inc. v. Parks, 246 Va. 429, 432, 436 S.E.2d 600, 601
(1993).  The employer argues that, absent other medical evidence,
the response of Dr. Thomas R. Butterworth, Jr. to a written
question submitted to him by the claimant's attorney did not
sustain the claimant's burden of proving that his conditions

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

constituted "diseases."

The claimant worked for the employer as a line worker for eleven months. He worked five days per week, packing bags of kitty litter weighing sixteen to fifty pounds. His job involved constant hand and arm movement. The claimant bagged approximately 600 bags per hour.

In October or November 1993, the claimant began to experience numbness in his hands and lightness in his elbows. On January 5, 1994, he sought treatment at the Riverside Tappahannock Hospital emergency room. Dr. James Dudley diagnosed carpal tunnel syndrome and an early ganglion of the right thumb.

The claimant was placed on light duty for a few days and then returned to his regular work. His symptoms reappeared, causing him to seek treatment again on January 26, 1994 at the hospital emergency room. Dr. Pamela Gwaltney diagnosed bilateral carpal tunnel syndrome and excused the claimant from work for three days. In early February 1994, the claimant was referred by his family physician to Dr. Butterworth, an orthopedic surgeon.

On February 9, 1994, Dr. Butterworth diagnosed bilateral carpal tunnel syndrome, epicondylitis, and overuse syndrome. He suggested that the claimant undergo an EMG. The March 29, 1994 EMG was abnormal and confirmed Dr. Butterworth's bilateral carpal tunnel syndrome diagnosis. Dr. Butterworth opined that the claimant was disabled due to the diagnosed conditions, which were directly related to his job.

- 2 -

On June 27, 1994, Dr. Butterworth completed a questionnaire submitted to him by the claimant's attorney. Dr. Butterworth stated that he treated the claimant for "[o]veruse syndrome with tennis elbow and carpal tunnel syndrome bilateral." Dr. Butterworth answered "yes" to the following question:

> In your opinion, with a reasonable degree of medical certainty, did the diseases suffered by your patient, namely bilateral carpal tunnel syndrome, lateral epicondylitis bilaterally, and bilateral overuse syndrome arise out of and in the course of your patient's employment with Bennett Mineral Company as a pinch line operator?

The deputy commissioner denied the claimant's application, finding that the claimant suffered from repetitive use conditions that were not defined by the medical evidence as "diseases" as required by Merillat. The full commission reversed, finding that Dr. Butterworth's affirmative answer to the question posed by the claimant's counsel was sufficient to sustain the claimant's burden of proving that his conditions were "diseases" as required by Merillat. We agree and affirm.

Upon review, the commission's findings of fact will be upheld if they are supported by credible evidence. James v. Capital Steel Construction Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488-89 (1989). We view the evidence in the light most favorable to the party prevailing below. Bean v. Hungerford, 16 Va. App. 183, 186, 428 S.E.2d 762, 764 (1993). However, to be upheld, the record must support the commission's holding.

First, we find that Dr. Butterworth's testimony was

unrebutted.  That it was given in answer to a leading question does not, in itself, nullify its evidentiary value.  Second, even were we to find this testimony is insufficient to establish the existence of "disease", this case is controlled by this Court's holdings in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 438 S.E.2d 769 (1993), and Perdue Farms, Inc. v. McCutchan, ____ Va. App. ___, ___ S.E.2d ___ (1995), respectively, defining disease and holding carpal tunnel syndrome to be a compensable disease. Both cases were decided subsequent to Merillat and we are bound by these subsequent decisions.

Finding no error in the commission's finding that the claimant's conditions constitute disease, and there being no challenge to its finding that the diseases suffered by the claimant arose out of and in the course of his employment, we affirm the judgment of the Virginia Workers' Compensation Commission.

Affirmed.