**Salem**

BULLION HOLLOW ENTERPRISES, INC., et al.

v.

JEFFREY C. LANE

No. 1288-91-3

Decided June 16, 1992

COUNSEL

S. T. Mullins (Joseph W. Bowman; Street, Street, Street, Scott & Bowman, on briefs), for appellant.

Paul L. Phipps (Wolfe & Farmer, on brief), for appellee.

OPINION

KOONTZ, C.J.—Bullion Hollow Enterprises, Inc. (employer) and its insurer, Old Republic Insurance Company, appeal from a decision of the Workers' Compensation Commission* (commission) awarding benefits to Jeffrey C. Lane (claimant). On appeal, employer claims that (1) the commission erred in rejecting the deputy commissioner's findings concerning the credibility of witnesses without articulating its reasons for that decision, and (2) no credible evidence supports the commission's decision that claimant incurred an injury by accident to his lower back arising out of and in the course of his employment on September 4, 1989.

Claimant worked as a shuttle car operator in employer's mine. Claimant testified that on September 4, 1989, he injured his lower back while operating his shuttle car:

> I got on my shuttle car on my way up to the mines to get a load of coal and after my shuttle car was loaded I turned around in my seat to go in the opposite direction and my left foot got stuck and I fell backwards out of my shuttle car and struck my back on a piece of metal and it caused sharp pains there in my back, my lower back, and I just got ahold of my foot, pulled myself back up in the shuttle car . . . .

Claimant then went to his foreman, Bobby Mullins, "to tell him what I'd done." Claimant stated that Mullins made a notation in his book concerning the event. Although his back continued to bother him, claimant continued to work and completed his shift. Danny Chandler, an employee, testified that on September 4, 1989, claimant told him that he (claimant) had hurt his back and knee while operating his shuttle. Chandler stated that he observed claimant walking with a limp after the incident.

---

* Formerly the Industrial Commission of Virginia.

Claimant sought medical treatment for his back on October 7, 1989, about a month after the incident. Claimant reported, at that time, that he had sustained a back injury about one month earlier. Dr. Schmidt ordered an x-ray of claimant's lower back. Claimant again sought treatment on November 28, 1989 and December 1, 1989, complaining of lower back pain.

On December 4, 1989, claimant was examined by Dr. Robert T. Strang, an orthopedic surgeon. Dr. Strang noted that claimant was injured "about two months ago when he twisted and fell backwards and injured his back and leg" while working for employer. Dr. Strang's note indicates that claimant kept working and that the back injury bothered him when he sat and when he worked. The report also states that claimant could hardly walk after having slept in a chair overnight at a hospital while his child was being born in November. Finding that claimant was unable to work, Dr. Strang fitted him with a back support. Pursuant to orders from Dr. Strang, claimant did not work from December 4, 1989 through December 11, 1989.

After claimant visited Dr. Strang, he reported the incident to Steve Moore, superintendent of the mines. Pursuant to federal regulations, Moore filed a report indicating that claimant reported on December 6, 1989 that he sustained an injury to his lower back and feet on September 4, 1989, when he twisted his left foot while turning around in a shuttle car. Moore stated that the information for this form was based on facts learned from Bobby Mullins and claimant.

Claimant was laid off from work on January 6, 1990. On January 8, a Monday, claimant called Moore and reported that he had hurt his back on January 5, the last shift of his employment. Moore testified that claimant made no reference to the September 1989 injury during that telephone call.

Bobby Mullins testified that on September 4, 1989, claimant informed him that he twisted his left foot while turning around on the shuttle car, but did not inform him of any back injury. The record shows that Mullins did not record any injury to claimant's back on September 4. Mullins testified that claimant came to see him on December 4, 1989, after visiting Dr. Strang, in order to obtain information on the date of injury. Mullins did not recall whether claimant advised him on that date that he had a back

injury on September 4, 1989.

Claimant's injury was diagnosed on January 22, 1990 as a herniated or ruptured disc at L4-5. In a letter dated April 23, 1990, Dr. Strang stated that "[claimant's] inability to return to work is causally related to the injury of September 1989." Surgery was performed on June 7, 1990. Dr. Strang gave claimant a return to work slip on August 7, 1990, with the restriction that he not lift more than seventy-five pounds and refrain from working at a job which required repetitive bending.

The deputy commissioner denied compensation benefits, finding that claimant did not report an injury by accident to his lower back on September 4. The deputy commissioner also found that claimant failed to prove an injury by accident to his lower back. On appeal to the commission, the issue was whether claimant "reported a low back injury when he reported the accident or whether he merely reported an injury to his foot." The commission reversed and held that employer was "timely advised of the accident and the injuries sustained" and that the evidence showed a causal relationship between the lower back injury and the accident.

Employer first alleges that the commission erred in rejecting the deputy commissioner's findings concerning the credibility of witnesses without articulating its reasons for that decision. Specifically, employer argues that the commission failed to explain adequately its finding that claimant's testimony is more credible than that of Bobby Mullins.

█ When the deputy commissioner makes an explicit finding of credibility based upon a witness' demeanor or appearance at the hearing, the commission may reverse that factual finding when it articulates a basis for its different conclusion that is supported by credible evidence.

[A] specific, recorded observation of a key witness' demeanor or appearance in relation to credibility is an aspect of the hearing that the commission may not arbitrarily disregard. When the commission does not follow such a finding, the record should indicate that the commission did not arbitrarily ignore the finding.

*Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 382, 363 S.E.2d 433, 437 (1987), *appeal after remand*, 9 Va. App. 120, 384 S.E.2d 333 (1989). *See also Birdsong Peanut Co. v. Cowling*, 8 Va. App. 274, 278, 381 S.E.2d 24, 27 (1989); *Williams v. Auto Brokers*, 6 Va. App. 570, 575, 370 S.E.2d 321, 324 (1988). The principle set forth in *Pierce* does not make the deputy commissioner's credibility findings unreviewable by the commission. Rather, it merely requires the commission to articulate its reasons for reversing a specific credibility determination of the deputy commissioner when that determination is based upon a recorded observation of the demeanor or appearance of a witness. In short, the rule in *Pierce* prevents the commission from arbitrarily disregarding an explicit credibility finding of the deputy commissioner.

Upon review of the deputy commissioner's decision, we find no "specific, recorded observation" concerning any witness' demeanor or appearance insofar as it relates to a credibility determination. Although Deputy Commissioner Burchett's decision is based, in part, upon the testimony of Mullins, that decision does not set forth a credibility determination formed by observing the witness' demeanor or appearance. In fact, the deputy commissioner made no express finding concerning the credibility of any witness. Absent a specific, recorded observation regarding the behavior, demeanor or appearance of claimant or Mullins, the commission had no duty to explain its reasons for finding claimant more credible than Mullins. "The law does not require the commission to state its reasons for believing one witness over another." *Pierce*, 5 Va. App. at 383, 363 S.E.2d at 438. Consequently, we find no merit in employer's contention.

Moreover, the decision of the commission is supported by credible evidence. Claimant testified that he sustained an injury by accident on September 4, 1989, while operating a shuttle car. He also testified that he reported his injuries that day to Bobby Mullins, his foreman. The testimony of Danny Chandler supports claimant's testimony. The evidence shows that claimant subsequently sought medical treatment for his back injury. At that time, he reported an injury to his back approximately one month ago. Dr. Strang, an orthopedic surgeon, stated in a letter dated April 23, 1990, that "[claimant's] inability to return to work is causally related to the injury of September 1989."

■ From the testimony of claimant, Danny Chandler and Dr. Strang, together with the medical records, we find that credible evidence supports the commission's decision that claimant suffered an injury by accident to his lower back arising out of and in the course of his employment on September 4, 1989. Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence. *Classic Floors, Inc. v. Guy*, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989). For these reasons, the decision of the commission is affirmed.

*Affirmed.*

Coleman, J., and Elder, J., concurred.