COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia

SEARS, ROEBUCK & CO. AND
 LUMBERMAN'S MUTUAL CASUALTY COMPANY

v.   Record No. 0208-95-2                   MEMORANDUM OPINION[*]
                                          BY JUDGE MARVIN F. COLE
DAVID OTIS PIERCE                            DECEMBER 5, 1995


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Lynne Jones Blain (Michelle P. Wiltshire; Morris and
          Morris, on brief), for appellants.

          B. Mayes Marks, Jr. (Marks & Lee, on brief), for
          appellee.



     Sears, Roebuck & Co. and its insurer (hereinafter
collectively referred to as "employer") appeal a decision of the
Worker's Compensation Commission awarding benefits to David O.
Pierce.  Employer contends that the commission erred in reversing
the deputy commissioner's credibility determination and finding
that Pierce proved that he sustained an injury by accident
arising out of and in the course of his employment on October 14,
1993.  Finding no error, we affirm.

                              **I.**

     Pierce worked for employer as a lawn mower technician.  On
February 18, 1994, Pierce filed an application alleging a right
groin injury occurring at work on October 14, 1993.  The
Employer's First Report of Accident, filed with the commission on

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

January 24, 1994, indicated that Pierce strained his right groin while lifting a tiller into a customer's vehicle on October 14, 1993.  The report also stated that Pierce reported his injury to his supervisor, Willie Harris, on October 14, 1993.

Pierce testified that on October 14, 1993, he picked up a 150-pound tiller in an attempt to place the tiller into a truck.  The tiller moved and fell out of the truck, causing Pierce to grab it before it fell to the ground.  Pierce stated that he informed Harris about the incident and that he felt something in his stomach.

Pierce continued to work in his regular job between October 14, 1993 and November 24, 1993.  On November 24, 1993, Thanksgiving day, Pierce called the employee in charge of the repair department and told her that he needed to see a doctor to determine if he had sustained a hernia.  On November 25, 1993, employer referred Pierce to Dr. J. Leo Crosier.

Dr. Crosier examined Pierce on November 29, 1993.  Dr. Crosier recorded a history of Pierce sustaining the groin injury approximately two weeks prior, on November 14, 1993.  Dr. Crosier also noted that Pierce told him he was in the process of lifting a tiller at work when the pain started.  Dr. Crosier diagnosed a "widened inguinal ring-possible inguinal hernia."  Dr. Crosier referred Pierce to Dr. Benjamin H. Rice, a general surgeon.

On December 6, 1993, Dr. Rice examined Pierce.  Dr. Rice reported that Pierce told him he developed right groin pain while

2

helping a customer lift a tiller on November 5, 1993. Dr. Rice diagnosed right groin pain with possible early hernia. Dr. Rice's Attending Physician's Reports, rendered in February and March 1994, reflect the date of injury as October 14, 1993. Physical therapy notes, dated February 16, 1994, reflect that Pierce picked up a tiller at work on October 14, 1993 and "it got away from him."

On November 24, 1993, Pierce completed an "Associate Statement of Injury," upon which he indicated that he sustained a groin injury on November 5, 1993, while lifting a tiller out of a truck. In response to the question on the statement as to who Pierce reported the injury to, it is recorded that, "[t]his injury came on slowly, its hard for me to say the day, hour at which it occurred." Pierce remembered completing and signing this statement, but he did not believe he wrote the portion of the statement indicating a gradual injury.

Harris, the lead person in employer's parts department, testified that Pierce did not report an injury caused by lifting a tiller on October 14, 1993. Harris stated that on November 23, 1993, Pierce told him that he had a knot or a bump in his thigh or leg. Harris contended that Pierce never reported to him how the injury occurred or that he was sure it happened at work.

**II.**

In denying Pierce's application, the deputy commissioner found that Pierce did not meet his burden of proving an injury by

3

accident arising out of and in the course of his employment. Based upon his observation of Pierce at the hearing and a review of the evidence indicating varying dates of injury, the deputy commissioner found that Pierce's version of events was not credible.

In its December 30, 1994 opinion reversing the deputy commissioner, the full commission found that Pierce testified to an injury by accident occurring at a specific time and place. The commission found that the Employer's First Report of Accident corroborated Pierce's testimony, and that Harris' testimony and the "Associate Statement of Injury" did not rebut Pierce's evidence. The commission also found that Dr. Rice's Attending Physician's Report dated March 12, 1994 established Pierce's disability. The commission awarded temporary total disability benefits to Pierce from October 14, 1993 through March 2, 1994.

### III.

Employer contends that the full commission arbitrarily ignored the deputy commissioner's credibility determination and failed to articulate a sufficient basis for its conclusion under the requirements of our holding in Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 437 (1989). However,

> [t]he principle set forth in Pierce does not make the deputy commissioner's credibility findings unreviewable by the commission. Rather, it merely requires the commission to articulate its reasons for reversing a specific credibility determination of the deputy commissioner when that determination

4

> is based upon a recorded observation of demeanor or appearance of a witness. In short, the rule in Pierce prevents the commission from arbitrarily disregarding an explicit credibility finding of the deputy commissioner.

Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

In this case, as in Lane, upon a review of the deputy commissioner's decision, we do not find a "specific recorded observation" concerning any witness' demeanor or appearance related to a credibility determination. In his opinion, the deputy commissioner merely stated that, "based upon the evidence before us, we must conclude that [Pierce] has not met his burden of proof." The deputy commissioner also stated that, "[b]ased upon our observation of [Pierce] at the hearing and our examination of the evidence, we find that his version of events simply is not credible." "Absent a specific, recorded observation regarding the behavior, demeanor or appearance of [Pierce or Harris], the commission had no duty to explain its reasons for . . . [accepting Pierce's version of events]." Id. Therefore, employer's argument is without merit.

Moreover, when the commission's findings are supported by credible evidence, as in this case, those findings are conclusive and binding on appeal. Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991). Pierce testified that he sustained a groin injury on October 14, 1993, when he picked up a 150-pound tiller, put it into a truck, and then caught it as

5

it fell.  He also testified that he reported the incident and his injury to Harris on that day.  The Employer's First Report of Accident supports Pierce's testimony.  The "Associate Statement of Injury" also states that Pierce injured himself while lifting a tiller.  Although the exact date of injury recorded in the documentary evidence is inconsistent, the medical records of Drs. Crosier and Rice and the physical therapy notes consistently report a history of Pierce sustaining a groin injury while lifting a tiller at work, which corroborated Pierce's testimony.

Based upon Pierce's testimony and Employer's First Report, together with the medical records, we find that credible evidence supports the commission's decision that Pierce suffered an injury by accident to his groin arising out of and in the course of his employment on October 14, 1993.  "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence."  Lane, 14 Va. App. at 730, 418 S.E.2d at 907.

For these reasons, we affirm the commission's decision.

Affirmed.

6