COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Bray
Argued at Richmond, Virginia


RDL – Salem, VA

v.  Record No. 0565-95-3

RONNIE RYAN RICHARDSON

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. BENTON, JR.
FEBRUARY 20, 1996

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Monica L. Taylor (Melissa W. Scoggins;
Christopher M. Kite; Gentry, Locke, Rakes &
Moore, on brief), for appellant.

Carr L. Kinder, Jr., for appellee.


RDL – Salem, VA contends that the Workers' Compensation Commission erred in reversing the deputy commissioner's credibility determination and in finding that Ronnie Ryan Richardson continued to be disabled after October 29, 1992.  We affirm the commission's decision.

Applying the usual standard of review, we view the evidence in the light most favorable to the party prevailing below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In addition, on appellate review, we must uphold factual findings made by the commission if those findings are supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

We find no merit in the employer's contention that the full

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

commission inappropriately disregarded the deputy commissioner's credibility determination. The record establishes that the deputy commissioner's "credibility" finding was based only on a conflict in testimony on an immaterial issue. The deputy commissioner chose not to believe Richardson's testimony that he was fired from his employment. Instead, the deputy commissioner accepted the testimony of Richardson's supervisor that Richardson quit his employment. In finding no continuing disability, however, the deputy commissioner based that determination on his analysis of the evidence. This Court has held that if the deputy commissioner makes a "credibility" finding based on the substance of the testimony or other evidence in the record, that issue is "as determinable by the full commission as by the deputy." Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987). In such cases, the commission has no duty to explain its reasons for accepting the testimony of one witness over another. Bullion Hollow Enterprises, Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992). The sole issue before this Court is whether credible evidence supports the commission's finding that Richardson continued to be partially disabled. Id.

The record contains ample credible evidence to support the commission's findings. The evidence proved that on June 30, 1992 while making a delivery in Charlotte, North Carolina, Richardson slipped on a piece of cardboard, fell, and injured his back.

Richardson was admitted to a medical center in Charlotte, where Dr. Samuel J. Chewning diagnosed disc herniation at the T11-12 level and performed a decompressive laminectomy and diskectomy. Both parties stipulated that Richardson suffered a compensable injury.

As instructed by Dr. Chewning, Richardson had follow-up care in Roanoke with his family physician, Dr. E. W. Watts, Jr. In August of 1992, Richardson was referred to Dr. Ralph O. Dunker, Jr., a neurosurgeon. The record supports the commission's finding that "[o]n September 29, 1992, Dr. Dunker noted that [Richardson] was to continue in physical therapy, and that '[h]e has not seen any overall progress, but in fact it has not worsened either.'" Dr. Dunker also noted that "light duty" might begin in two weeks. On October 29, 1992, Dr. Dunker released Richardson to return to light duty work and stated that "he should be on an air-ride tractor to minimize the jolting and shock." Richardson testified that he returned to work and experienced continued pain.

Dr. James M. Leipzig, an orthopedic surgeon, who examined Richardson in 1993, also reported that Richardson described persistent back pain. Although Dr. Leipzig could find no "mechanical anatomic reasons" to explain Richardson's continued back pain, the record supports the commission's findings that "an MRI and x-rays . . . revealed multiple bulging discs as well as loss of disc space and water content." Dr. Leipzig referred

Richardson to Dr. Murray E. Joiner, a rehabilitation specialist. Based upon his impressions of "chronic low back pain status post thoracic laminectomy" with possible "symptom magnification," Dr. Joiner recommended a pain clinic and a functional capacity evaluation.

When Richardson injured his back on April 11, 1994, while lifting his two year old grandchild, he was examined at a hospital emergency room. Dr. Evelyn W. Manetta noted Richardson's history of work-related injury with persistent low back pain and diagnosed acute back strain. Dr. Manetta recommended Richardson see an orthopedist.

Upon this evidence, we conclude that credible evidence supports the commission's findings. Richardson consistently described his physical condition to all physicians who examined him from September 1992 through August 1994. Moreover, the MRI and x-ray that Dr. Leipzig ordered in 1993 indicated numerous problems at the T11-12 level, the same area where Dr. Chewning operated after the compensable injury by accident. All of these problems were discovered prior to the aggravation of the injury on April 11, 1994. Thus, the record contains ample credible evidence from which the commission could find that Richardson continued to experience pain consistent with his injury and reported history of low back pain.

We, therefore, affirm the commission's findings that Richardson had a continuing disability, that Richardson's doctor

released him to perform light duty work, and that Richardson has not marketed his residual work capacity.

<u>Affirmed</u>.