COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


INTERBAKE FOODS, INC.
AND
LUMBERMENS MUTUAL CASUALTY COMPANY           MEMORANDUM OPINION[*]
                                                 PER CURIAM
v.    Record No. 1469-96-2                   DECEMBER 10, 1996

RONALD FELTNER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Lynne Jones Blain; Michelle P. Wiltshire;
            Morris and Morris, on brief), for appellants.

            (Malcolm Parks; Maloney, Barr & Huennekens,
            on brief), for appellee.


        Interbake Foods, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission ("commission") erred in (1) reversing the

deputy commissioner's credibility determination and finding that

Ronald Feltner ("claimant") proved he sustained an injury by

accident arising out of and in the course of his employment on

January 8, 1995; and (2) finding that claimant's January 8, 1995

injury by accident caused his back condition.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I. Injury by Accident

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

The deputy commissioner found that claimant did not prove he sustained an injury by accident arising out of and in the course of his employment on January 8, 1995. The deputy commissioner found claimant's contemporaneous statements describing the January 8, 1995 incident to his co-workers, health care providers, and the insurance representative more persuasive than claimant's hearing testimony. The deputy commissioner found that these statements did not refer to a specific identifiable incident.

The full commission reversed the deputy commissioner's finding and held that claimant testified to an injury by accident occurring at a specific time and place. In so ruling, the commission found that the general description of the January 8, 1995 incident contained in the medical records and as reported by claimant to his supervisors did not necessarily conflict with

2

claimant's more detailed testimony.

Employer contends that the full commission arbitrarily disregarded the deputy commissioner's credibility determination and failed to articulate a sufficient basis for its conclusion. However,

> [t]he principle set forth in [Goodyear Tire & Rubber Co. v. ] Pierce [, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987),] does not make the deputy commissioner's credibility findings unreviewable by the commission. Rather, it merely requires the commission to articulate its reasons for reversing a specific credibility determination of the deputy commissioner when that determination is based upon a recorded observation of the demeanor or appearance of a witness. In short, the rule in Pierce prevents the commission from arbitrarily disregarding an explicit credibility finding of the deputy commissioner.

Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

In this case, as in Bullion, upon a review of the deputy commissioner's decision, we do not find a "specific recorded observation" concerning any witness' demeanor or appearance related to a credibility determination. The deputy commissioner merely concluded from the evidence before him that claimant had not met his burden of proof. "Absent a specific, recorded observation regarding the behavior, demeanor or appearance of [the witnesses], the commission had no duty to explain its reasons for . . . [accepting claimant's version of events]." Id. Therefore, employer's argument is without merit.

3

Moreover, when the commission's findings are supported by credible evidence, as in this case, those findings are conclusive and binding on appeal. Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991). Claimant testified that, on January 8, 1995, he and a co-worker were installing electrical wire under a conveyor belt. Claimant's job required that he remove the wire from a two-foot spool, twist it, and pass it to his co-worker, who then placed the wire in boxes under the conveyor belt. As claimant performed this work, he sat under the conveyor belt, with his left leg in front of him and his right leg folded to the side. The outside of his left ankle and the inside of his right ankle rested on the floor. After leaning forward in this sitting position for fifteen to twenty minutes, and as claimant twisted around and pulled on the spool of wire, he felt a slight burning sensation in his left hip. At the time, claimant thought his wallet, which was in his hip pocket, had caused the burning sensation. After claimant finished feeding the wire, he attempted to crawl out from under the conveyor belt. When he stood up, he felt pain go down the back of his left leg. The pain claimant felt upon standing originated from the same location as the burning sensation.

Claimant reported the incident to his supervisor, Alvan Suah, on the afternoon of January 8, 1995. The next day claimant reported the incident to employer's maintenance superintendent, George Hodges.

Although the medical records contain a more general description of the January 8, 1995 incident than that found in claimant's testimony, the records consistently report a history of claimant sustaining pain radiating from his left hip down his left leg while pulling wire at work, essentially corroborating claimant's testimony.

Based upon claimant's testimony and the medical records, we find that credible evidence supports the commission's decision that claimant suffered an injury by accident arising out of and in the course of his employment on January 8, 1995. "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence." Bullion, 14 Va. App. at 730, 418 S.E.2d at 907.

## II. Causation

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Dr. Kenneth I. Kiluk, claimant's treating neurosurgeon, opined:

> This gentleman underwent surgery for a herniated disc at L5-S1 on the left which I feel is a result of an injury at work on January 8, 1995. I do feel that the twisting and turning movements he described brought on the severe pain in his left buttock, leg and hip which ultimately resulted in the surgical procedure done on 3/23/95.

5

The absence of any history of a back problem before January 8, 1995, claimant's testimony, and Dr. Kiluk's opinion, provide credible evidence to support the commission's conclusion that the January 8, 1995 injury by accident caused claimant's herniated disc. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico Co. Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.