COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DOMINION WATER, INC.
AND
AETNA CASUALTY & SURETY
 COMPANY OF ILLINOIS                    MEMORANDUM OPINION[*]
                                           PER CURIAM
v.    Record No. 2661-96-4              FEBRUARY 25, 1997

CALVIN EUGENE DUNCAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael E. Ollen; Law Offices of William C. E.
            Robinson, on brief), for appellants.  Appellants
            submitting on brief.

            (Nikolas E. Parthemos; Prosser, Parthemos &
            Bryant, on brief), for appellee.  Appellee
            submitting on brief.


      Dominion Water, Inc. and its insurer (hereinafter
collectively referred to as "employer") appeal a decision of the
Workers' Compensation Commission (commission) awarding
compensation benefits to Calvin Eugene Duncan (claimant).
Employer contends that the commission erred in (1) reversing the
deputy commissioner's determination that claimant and his
co-worker, Larry King, were not credible; and (2) finding that
claimant proved he sustained a back injury as the result of a
June 20, 1995 injury by accident arising out of and in the course
of his employment.  Finding no error, we affirm.

_____

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

The deputy commissioner found that claimant did not prove he sustained an injury by accident arising out of and in the course of his employment on June 20, 1995. The deputy commissioner rejected claimant's testimony, finding that it conflicted with an August 29, 1995 letter written by claimant. In the letter, claimant described pain that arose from a combination of activities during the course of the entire day, including a fall into a hole. In addition, the deputy commissioner found that Dr. James E. Favareau's July 17, 1995 medical history of long-standing back pain conflicted with claimant's testimony relating a specific incident resulting in back pain. The deputy commissioner also took into account that claimant denied prior back complaints, although the medical records showed that he had undergone such treatment since 1989. Furthermore, the deputy commissioner noted that Larry King was not a credible witness

based upon his demeanor, including his attempts to avoid answering questions, yawning, evasiveness, lack of respect, and an indifferent attitude.

The full commission reversed the deputy commissioner's finding and held that claimant proved he sustained a back injury as a result of stepping into a hole on June 20, 1995 in the course of his employment, resulting in total disability beginning July 20, 1995. In so ruling, the commission thoroughly reviewed King's testimony and disagreed with the deputy's characterization of it. The commission found no evidence in the record to show that King demonstrated a lack of respect or an indifferent attitude. Secondly, the commission accepted claimant's testimony, which it found to be corroborated by his co-workers' testimony. Finally, the commission found that Dr. William K. Renas' undisputed opinion established that the fall on June 20, 1995 caused claimant's back injury.

Employer contends that the full commission arbitrarily disregarded the deputy commissioner's credibility determination and failed to articulate a sufficient basis for its conclusion. However,

> [t]he principle set forth in [Goodyear Tire & Rubber Co. v.] Pierce[, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987),] does not make the deputy commissioner's credibility findings unreviewable by the commission. Rather, it merely requires the commission to articulate its reasons for reversing a specific credibility determination of the deputy commissioner when that determination is based upon a recorded observation of demeanor or appearance of a witness. In

3

> short, the rule in <u>Pierce</u> prevents the commission from arbitrarily disregarding an explicit credibility finding of the deputy commissioner.

<u>Bullion Hollow Enters., Inc. v. Lane</u>, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

In this case, as in <u>Bullion</u>, upon a review of the deputy commissioner's decision, we do not find a "specific recorded observation" concerning claimant's demeanor or appearance related to the deputy commissioner's credibility determination. The deputy commissioner merely concluded from the evidence before him that claimant was not credible. "Absent a specific, recorded observation regarding the behavior, demeanor or appearance of [the witness], the commission had no duty to explain its reasons for . . . [accepting claimant's version of events]." <u>Id.</u> With respect to Larry King's testimony, the commission sufficiently articulated its reasons for disagreeing with the deputy commissioner's determination that King was not credible.

## II.

When the commission's findings are supported by credible evidence, as in this case, those findings are conclusive and binding on appeal. <u>Ross Laboratories v. Barbour</u>, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991). Claimant testified that on June 20, 1995, while dragging mud and rocks brought up by a drill, he stepped into a hole approximately thirty inches deep and twenty inches in diameter, causing him to twist and catch himself as he fell towards the ground. He initially felt a

4

tingling sensation in his lower back and left leg, and then felt back and leg pain that evening. When he completed his work on June 20, 1995, claimant told his supervisor, Mike Downey, that he thought he had hurt his back. James Ball, claimant's co-worker corroborated claimant's testimony concerning the incident. Downey acknowledged that claimant told him that he stepped in a hole and twisted his knee around June 20, 1995.

Claimant first sought medical attention on July 17, 1995 from Dr. Favareau. Claimant contended that he told Dr. Favareau about the June 20, 1995 incident and could not explain why Dr. Favareau did not record it in his initial history. On July 21, 1995, claimant began treating with Dr. Renas, a chiropractor. Claimant gave Dr. Renas a history of back and leg pain resulting from a work-related fall into a hole on June 20, 1995. In his Attending Physician's Report dated November 9, 1995, Dr. Renas opined that claimant's back condition and resulting disability were caused by the June 20, 1995 work-related fall. Dr. Renas opined that claimant had been totally disabled as a result of the June 20, 1995 incident since July 20, 1995. The medical records also showed that claimant had received chiropractic treatment for back problems prior to June 20, 1995. He received three treatments in 1989, one in 1991, one in 1993 and one in 1994. The last treatment prior to June 20, 1995 occurred on May 28, 1994. Claimant's pre-June 20, 1995 back problems never prevented him from working.

5

Based upon the testimony of claimant and Ball, and Dr. Renas's medical records, we find that credible evidence supports the commission's decision that claimant proved he sustained a back injury causally related to a June 20, 1995 injury by accident. "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence." Bullion, 14 Va. App. at 730, 418 S.E.2d at 907.

For these reasons, we affirm the commission's decision.

Affirmed.