COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


AUGUSTA LUMBER & SUPPLY, INC. AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 2563-96-3              PER CURIAM
                                      JUNE 24, 1997
JAMES F. TRUSLOW


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (J. David Griffin; Fowler, Griffin, Coyne &
                Coyne, P.C., on briefs), for appellants.

                (Terry L. Armentrout; Armentrout &
                Armentrout, P.L.C., on brief), for appellee.


        Augusta Lumber & Supply, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in reversing the

deputy commissioner's credibility determination and finding that

James F. Truslow (claimant) proved that he sustained an injury by

accident arising out of and in the course of his employment on

August 30, 1995.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

The deputy commissioner was not persuaded that claimant sustained a work-related accident on August 30, 1995. The deputy commissioner based his conclusion upon his findings that claimant worked for four days after the accident, he did not report the accident immediately, and he did not seek medical attention until four weeks after the accident.

The full commission reversed the deputy commissioner and held that claimant's testimony regarding the August 30, 1995 accident was credible. In so ruling, the commission found that claimant testified that he immediately reported the accident to his supervisor, Glen Harris, and later that day he reported the accident to another supervisor, Joe Peduto. The commission also considered the medical records in which claimant consistently reported a history of an accident on August 30, 1995 while loading lumber onto a trailer at work.

Employer contends that the full commission arbitrarily disregarded the deputy commissioner's credibility determination and failed to articulate a sufficient basis for its conclusion. However,

> [t]he principle set forth in [Goodyear Tire &

2

> Rubber Co. v.] Pierce[, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987),] does not make the deputy commissioner's credibility findings unreviewable by the commission. Rather, it merely requires the commission to articulate its reasons for reversing a specific credibility determination of the deputy commissioner when that determination is based upon a recorded observation of demeanor or appearance of a witness. In short, the rule in Pierce prevents the commission from arbitrarily disregarding an explicit credibility finding of the deputy commissioner.

Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

In this case, as in Bullion, upon a review of the deputy commissioner's decision, we do not find a "specific recorded observation" concerning any witness' demeanor or appearance related to a credibility determination. The deputy commissioner merely concluded from the evidence before him that claimant had not met his burden of proof. "Absent a specific, recorded observation regarding the behavior, demeanor or appearance of [the witnesses], the commission had no duty to explain its reasons for . . . [accepting claimant's version of events]." Id.

Moreover, when the commission's findings are supported by credible evidence, as in this case, those findings are conclusive and binding on appeal. Ross Laboratories v. Barbour, 13 Va. App. 373, 377–78, 412 S.E.2d 205, 208 (1991). Claimant testified that on August 30, 1995, at approximately 3:10 p.m., he felt a pull in his neck down to the middle of his back while loading flooring lumber onto a truck. At that time, he reported to Harris that he

3

might have pulled something.  Claimant also reported the incident to Peduto.  Claimant continued to work, but felt stiff the next day.  He worked for four more days, but refrained from heavy labor.  The medical records of Drs. William J. Knizer, Thomas J. Spicuzza, and William C. Broaddus corroborated claimant's testimony.  Those records consistently reported a history of a neck and back injury while loading lumber at work.  A November 22, 1995 MRI revealed a moderate right paracentral herniated nucleus pulposus at the C6-7 level.  On March 18, 1996, Dr. Spicuzza opined that claimant's disability was causally related to the August 30, 1995 accident.

Based upon claimant's testimony and the corroborating medical histories, we find that credible evidence supports the commission's decision that claimant suffered an injury by accident arising out of and in the course of his employment on August 30, 1995 and that its decision was not arbitrary. "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence."  Bullion, 14 Va. App. at 730, 418 S.E.2d at 907.

For the reasons stated, we affirm the commission's decision.

Affirmed.

4