COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

HARDEES OF CHARLOTTESVILLE #3
AND
BODDIE NOELL ENTERPRISES, INC.

MEMORANDUM OPINION*

v.   Record No. 1411-97-2

PER CURIAM
NOVEMBER 10, 1997

BRENDA LEE CRAWFORD

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Jimese L. Pendergraft; John S. Nevin;
Richard E. Garriott, Jr.; Knight, Clarke,
Dolph & Rapaport, on briefs), for appellants.

(Ronald L. Morris; Berry & Early, on brief),
for appellee.


Hardees of Charlottesville #3 and Boddie Noell Enterprises, Inc. (employer) contend that the Workers' Compensation Commission erred in reversing the deputy commissioner's credibility determination and finding that Brenda Lee Crawford (claimant) proved that she sustained an injury by accident arising out of and in the course of her employment on October 31, 1994. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

order to carry [her] burden of proving an 'injury by accident,' a claimant must prove that the cause of [her] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

The deputy commissioner was not persuaded that claimant sustained a work-related accident on October 31, 1994. The deputy commissioner based his conclusion upon the inconsistencies between the Time Clock Activity Report and the testimony of claimant and Lucy Snow (formerly Tilson), employer's assistant manager at the time of the alleged accident.

The commission reversed the deputy commissioner and accepted claimant's testimony regarding the October 31, 1994 accident. In so ruling, the commission found that claimant testified that she immediately reported the accident to her manager, Maurice Bartley. The commission also considered the medical records, which consistently corroborated claimant's testimony regarding the accident and her continuing pain. The commission "recognize[d] the various inconsistencies evinced by the witnesses' testimony particularly regarding the time of the incident. However, [it was] more persuaded that the details of the incident faded in the minds of the witnesses over two years, rather than that the claimant and witnesses fabricated the incident."

2

Employer contends that the commission arbitrarily disregarded the deputy commissioner's credibility determination and failed to articulate a sufficient basis for its conclusion. However,

> [t]he principle set forth in [Goodyear Tire & Rubber Co. v.] Pierce[, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987),] does not make the deputy commissioner's credibility findings unreviewable by the commission. Rather, it merely requires the commission to articulate its reasons for reversing a specific credibility determination of the deputy commissioner when that determination is based upon a recorded observation of demeanor or appearance of a witness. In short, the rule in Pierce prevents the commission from arbitrarily disregarding an explicit credibility finding of the deputy commissioner.

Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

In this case, as in Bullion, upon a review of the deputy commissioner's decision, we do not find a "specific recorded observation" concerning any witness' demeanor or appearance related to a credibility determination. The deputy commissioner merely concluded from the evidence before him that claimant had not met her burden of proof. "Absent a specific, recorded observation regarding the behavior, demeanor or appearance of [the witnesses], the commission had no duty to explain its reasons for . . . [accepting claimant's version of events]." Id.

Although the deputy commissioner ambiguously referred to Snow's pause in answering a question as an indication of her

3

being an "unwilling" witness, this reference does not constitute a specific recorded observation related to a credibility determination. The deputy commissioner did not specifically find that Snow's demeanor or appearance indicated that her testimony was untruthful, evasive, or otherwise incredible.

Moreover, when the commission's findings are supported by credible evidence, as in this case, those findings are conclusive and binding on appeal. See Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991). Claimant testified that on October 31, 1994 between 5:30 and 6:00 a.m., when she and Snow lifted a full, four foot tall urn of tea, claimant felt a pop in her back and a sharp pain. She reported the incident to her manager, Maurice Bartley, who told her to take pain pills. Bartley did not fill out an accident report. Claimant's back continued to hurt, but she continued to work, taking pain pills to treat her symptoms. On February 20, 1995, while lifting a five gallon bucket of tea, she felt a sharp pain and popping in the same part of her back. She told Judy Taylor, the store manager, of the incident. The testimony of Donna Shifflett and Snow corroborated claimant's version of events. In addition, the medical records of the Martha Jefferson Hospital emergency room and Drs. Ronald Lather, Charles Thurber, Robert Wertz and Donald Manning corroborated claimant's testimony. Those records consistently reported a history of a back injury at work in October 1994 with subsequent re-injury several months later at

4

work.

Based upon claimant's testimony, which was corroborated by Shifflett and Snow and the medical histories, we find that credible evidence supports the commission's decision that claimant suffered an injury by accident arising out of and in the course of her employment on October 31, 1994.  "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence."  Bullion, 14 Va. App. at 730, 418 S.E.2d at 907.  The medical records also support the commission's finding that claimant's "current problems originated with the October 31, 1994, accident and that subsequent incidents represent exacerbations of the original compensable back problem."

For the reasons stated, we affirm the commission's decision.

Affirmed.

5