COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CITY OF RICHMOND SCHOOL BOARD
 AND TRIGON ADMINISTRATORS
                                        MEMORANDUM OPINION*
v.    Record No. 0649-98-2                  PER CURIAM
                                         AUGUST 25, 1998
JOAN E. JONES


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (M. Janet Palmer; Wilder & Gregory, on
            brief), for appellants.

            (Ruth E. Nathanson; Marks & Harrison, on
            brief), for appellee.



     City of Richmond School Board ("employer") contends that the

Workers' Compensation Commission ("commission") erred in finding

that Joan E. Jones ("claimant") proved that her post-February 7,

1997 disability was causally related to her compensable November

13, 1995 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In

granting claimant's change-in-condition application, the

commission found as follows:

            The Deputy Commissioner weighed the

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

inconsistencies in the medical evidence and the testimony and found the claimant was not a credible witness. Upon Review, we do not find the inconsistencies significant with regard to the determination of causation. The claimant testified, and the medical records confirm, that she suffered ongoing back pain following her return to work after the industrial accident. She denied injury resulting from a second motor vehicle accident which occurred in March, 1997. Although we discount Dr. [Walton M.] Belle's opinion regarding causation because he did not know about the second accident, we find Dr. [Ralph E.] Hagan's reports support a finding that the claimant's disability beginning February 7, 1997 resulted from the industrial accident.

   *      *      *      *      *      *      *

[W]e find the second accident did not materially change the claimant's symptoms from the previous industrial accident. The facts indicate that if the funeral accident exacerbated the claimant's back condition, the aggravation was mild and insufficient to justify a finding that the claimant's back problems are not related to [sic] industrial accident.

(Citations omitted.).

Employer contends that the commission erred in reversing the deputy commissioner's credibility determination. However, "[w]hen the deputy commissioner makes an explicit finding of credibility based upon a witness' demeanor or appearance at the hearing, the commission may reverse that factual finding when it articulates a basis for its different conclusion that is supported by credible evidence." Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 728, 418 S.E.2d 904, 907 (1992).

Here, the commission clearly articulated its reasons for

reversing the deputy commissioner's credibility determination. Moreover, the commission's findings are supported by credible evidence, and are therefore, conclusive and binding on appeal. See Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991).

Claimant's testimony, along with the medical records and opinions of Dr. Hagan, constitutes credible evidence to support the commission's finding that claimant proved that her post-February 7, 1997 disability was causally related to her compensable industrial accident. Based upon claimant's testimony, the commission could reasonably infer that although Dr. Hagan mistakenly recorded an incorrect date for the second accident, he was fully aware of it and, yet, did not relate claimant's post-February 7, 1997 disability to that second accident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.