COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


B&R CONTRACTORS, INC. AND
 PENN NATIONAL SECURITY
 INSURANCE COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 0087-99-1                  PER CURIAM
                                          JUNE 15, 1999
WILLIE M. WETHINGTON, JR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William C. Walker; Donna White Kearney;
            Taylor & Walker, P.C., on brief), for
            appellants.

            No brief for appellee.


        B&R Contractors, Inc. and its insurer (hereinafter referred

to as "employer") contend that the Workers' Compensation

Commission (commission) erred in (1) refusing to dismiss Willie M.

Wethington, Jr.'s (claimant) request for review due to his failure

to file a written statement; and (2) reversing the deputy

commissioner's credibility determination and finding that claimant

proved that he sustained an injury by accident arising out of and

in the course of his employment on November 15, 1997.  Upon

reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Employer's argument that the commission should have granted its motion to dismiss claimant's appeal to the full commission because claimant failed to file a written statement on review is without merit.

Rule 3.2 of the Rules of the Virginia Workers' Compensation Commission does not mandate that the commission dismiss an appeal if a written statement is not filed.  Here, as the commission correctly noted, "the request for review . . . provides sufficient detail to determine the issues on review." Claimant's two-page request for review specifically stated that the deputy commissioner erred in failing to credit the testimony of claimant and his co-worker concerning claimant's accident. The request for review also challenged the deputy commissioner's consideration of claimant's recorded statement.  Employer's written statement containing one paragraph devoted to the credibility issue shed no additional light upon that issue. Under these circumstances, claimant's failure to file a written statement did not prejudice employer.  Accordingly, we find that the commission's interpretation of its rule was reasonable, and will not be disturbed on appeal.

II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  <u>See</u> <u>R.G. Moore Bldg. Corp. v.</u>

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

The deputy commissioner was not persuaded that claimant sustained a work-related accident on November 15, 1997. The deputy commissioner based her conclusion upon the inconsistencies between claimant's hearing testimony, his description of the accident given to employer and the insurance carrier; claimant's evasiveness about what he told Dr. Holden upon the initial consultation; and the ambiguity of claimant's co-worker's testimony.

The commission reversed the deputy commissioner and accepted claimant's testimony describing the November 15, 1997 accident. In so ruling, the commission accepted claimant's "clear and distinct [credible] testimony at the hearing to a specific incident at a specific time." The commission noted those portions of claimant's recorded statement which were consistent with his hearing testimony, and it weighed any inconsistencies between claimant's hearing testimony, his recorded statement, and the November 20, 1997 medical history.

- 3 -

The commission also considered claimant's pre-November 15, 1997 back problem, but noted that claimant had "continued to work since 1995 in his regular full-time capacity without additional medical treatment."

As fact finder, the commission was entitled to weigh all of the evidence and to conclude that claimant's hearing testimony was persuasive and established a compensable injury by accident. Where, as here, the deputy commissioner's decision was not based upon "a specific, recorded observation regarding the behavior, demeanor or appearance of [the witnesses], the commission had no duty to explain its reasons for . . . [accepting claimant's version of events]." Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

Moreover, when the commission's findings are supported by credible evidence, as in this case, those findings are conclusive and binding on appeal. See Ross Laboratories v. Barbour, 13 Va. App. 373, 378, 412 S.E.2d 205, 208 (1991). Claimant testified that on Saturday, November 15, 1997, between 11:00 and 11:15 a.m., while standing in a footing located sixteen to eighteen inches below ground, he reached and grabbed for a piece of plywood, twisting to his left. While bent over pulling the plywood towards him, he felt a burning pain in his lower back at about waist level. Claimant did not report the incident that Saturday because he thought it was minor.

However, when his pain continued, he reported the incident to employer the following Monday morning. In claimant's recorded statement when asked what happened, he responded, "Just setting concrete – of wooden forms, just uh I guess just bending over twisting and turning pulled something loose in my back." Claimant also stated in the recorded statement that he first experienced the pain at about 11:00 to 11:15 a.m.

Claimant's co-worker, James Williams, testified that claimant hurt his back at 11:00 a.m. on November 15, 1997. Williams testified that at that time they were setting forms.

Claimant's testimony, which was corroborated in part by his recorded statement and Williams's testimony, constitutes credible evidence to support the commission's decision that claimant suffered an injury by accident arising out of and in the course of his employment on November 15, 1997. "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence." Bullion, 14 Va. App. at 730, 418 S.E.2d at 907.

For the reasons stated, we affirm the commission's decision.

Affirmed.