COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Clements
Argued at Alexandria, Virginia


ISIDORO R. RODRIGUEZ

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0291-09-4                      JUDGE JEAN HARRISON CLEMENTS
                                                    SEPTEMBER 29, 2009

VIRGINIA EMPLOYMENT COMMISSION


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Leslie M. Alden, Judge


            Isidoro Rodriguez, *pro se*.

            Elizabeth B. Peay, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        Isidoro Rodriguez (Rodriguez) contends the Circuit Court of Fairfax County erred in

affirming the decision of the Virginia Employment Commission (Commission) denying his

claim for unemployment compensation benefits.  In his brief, Rodriguez presents five issues -

(1) challenging the sufficiency of the evidence supporting the denial of his claim, (2) asserting

the underlying revocation of his Virginia law license is void, (3) contending the Commission

failed to provide proper notice of the employer's claim or give him an opportunity to respond,

(4) arguing that the Commission improperly used only one employer for the basis of

unemployment benefits, and (5) asserting that the circuit court impermissibly corrected his

statement of facts.  For the reasons that follow, we disagree with Rodriguez's contentions and

affirm the circuit court's decision.[1]

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Rodriguez's motion to enjoin the Commission is hereby denied.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

BACKGROUND

"On review, [we] must consider the evidence in the light most favorable to the finding by the Commission." Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc., 4 Va. App. 621, 626, 359 S.E.2d 552, 554-55 (1987).

Rodriguez was employed as a contract attorney from January 29 to March 29, 2007 by De Novo Legal and was assigned to a client in the District of Columbia (D.C.). During that time period, Rodriguez worked for the employer for more than 30 day and 240 hours.

Rodriguez, a member of the Virginia State Bar, applied for admission to the District of Columbia Bar (D.C. Bar) after the Committee on the Unauthorized Practice of Law of the District of Columbia Court of Appeals issued an opinion that contract attorneys who regularly worked in D.C. were required to be members of the D.C. Bar.

On August 26, 2005, Rodriguez was notified that his application for admission to the D.C. Bar had been received. Rodriguez based his application on having been a member in good standing of the Virginia State Bar. The notification letter directed Rodriguez to "inform the [Administrator's] Committee by letter of any change in circumstance (e.g. bar admissions, disciplinary matters, etc.)."

Under existing D.C. Bar procedures, Rodriguez was permitted to continue to practice in D.C. while his application was pending. When Rodriguez was offered the position with De Novo Legal, he was relying on his still-pending application for admission to the D.C. Bar as authority to practice law in D.C.

On November 28, 2006, the Virginia State Bar issued an order revoking Rodriguez's license to practice law in Virginia effective October 27, 2006. Rodriguez appealed that order to the Supreme Court of Virginia, which affirmed the revocation by order dated June 29, 2007.

Rodriguez failed to advise the D.C. Bar of the revocation order when it was issued. On April 6, 2007, Rodriguez filed a motion for immediate admission or for a public hearing on his application for admission to the D.C. Bar. At that time he attached a copy of the Virginia State Bar's revocation order. The D.C. Bar then advised Rodriguez that his application could no longer be considered because he was ineligible for admission to the D.C. Bar until he had successfully regained his license to practice law in Virginia.

While working for De Novo Legal, a co-worker learned Rodriguez's Virginia law license had been revoked and alerted the employer. Because Rodriguez's position as a contract attorney required that he be a member of the D.C. Bar or that he have a valid application pending, De Novo Legal discharged him.

The Commission denied Rodriguez's claim for unemployment benefits finding he had been discharged for misconduct connected with work. Rodriguez appealed that decision to the circuit court. The circuit court determined the factual findings of the Commission were supported by the evidence and the Commission correctly applied the law to the facts of the case. The circuit court, in a December 5, 2008 order, affirmed the Commission's decision.

ANALYSIS

I.

In the course of an appeal of a Commission decision to the circuit court or this Court, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive." Code § 60.2-625(A). "As the factfinder, the commission is charged with the responsibility of resolving [both] questions . . . of controverted facts" and "questions of

credibility." Virginia Employment Comm'n v. Gantt, 7 Va. App. 631, 635, 376 S.E.2d 808, 811 (1989). Further, the Commission is not required to articulate its reasons for accepting the testimony of one witness over another. Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992). Upon our review, we conclude that the Commission's findings of fact are supported by evidence and are therefore binding on appeal.

An employee shall be disqualified from receiving unemployment benefits "if the Commission finds such individual is unemployed because he has been discharged for misconduct connected with his work." Code § 60.2-618. Under settled principles,

> an employee is guilty of "misconduct connected with his work"
> when he *deliberately* violates a company rule reasonably designed
> to protect the legitimate business interests of his employer, or
> when his acts or omissions are of such a nature or so recurrent as to
> manifest a *willful* disregard of those interests and the duties and
> obligations he owes his employer.

Branch v. Va. Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978).

> [M]isconduct is defined in the disjunctive so that either a deliberate
> violation of a rule or an act or omission showing willful disregard
> of the employer's interest disqualifies a claimant for benefits.
> When an employer adopts a rule, that rule defines the specific
> behavior considered to harm or to further the employer's interests.
> By definition, a violation of that rule disregards those interests.
> The rule violation prong, then, allows an employer to establish a
> prima facie case of misconduct simply by showing a deliberate act
> which contravenes a rule reasonably designed to protect business
> interests.

Gantt, 7 Va. App. at 634-35, 376 S.E.2d at 811.

If an employer presents *prima facie* evidence of misconduct, the burden shifts to the claimant to prove "circumstances in mitigation of such conduct." Branch, 219 Va. at 611-12, 249 S.E.2d at 182.

> Mitigating circumstances are likely to be those
> considerations which establish that the employee's actions were
> not in disregard of [the employer's] interests. Evidence of
> mitigation may appear in many forms which, singly or in

- 4 -

> combination, to some degree explain or justify the employee's conduct. Various factors to be considered may include: the importance of the business interest at risk; the nature and purpose of the rule; prior enforcement of the rule; good cause to justify the violation; and consistency with other rules. Therefore, in order to constitute misconduct, the total circumstances must be sufficient to find a deliberate act of the employee which disregards the employer's business interest.

Gantt, 7 Va. App. at 635, 376 S.E.2d at 811. Absent proof of circumstances in mitigation, established to the satisfaction of the fact finder, the employee is "disqualified for benefits." Branch, 219 Va. at 611-12, 376 S.E.2d at 182.

The record supports the determination that the employer terminated Rodriguez because his Virginia law license had been revoked and, as a result, he could not continue to work as a contract attorney practicing law in D.C. Although Rodriguez had applied for admission to the D.C. Bar, his ability to practice law in D.C. was contingent upon his Virginia law license remaining in effect. Rodriguez failed to advise his employer of the revocation of his Virginia law license and did not inform the D.C. Bar of the revocation until April 2007. The revocation of Rodriguez's law license constituted misconduct associated with his employment and Rodriguez failed to demonstrate the existence of any mitigating circumstances.

II.

Rodriguez appears to argue the order from the Virginia State Bar Disciplinary Board revoking his license to practice law was void and that, therefore, the Commission and the circuit court were prohibited from giving it effect. Rodriguez provides no support for his contention that either the Commission or the circuit court had authority to declare void the orders of the Virginia State Bar Disciplinary Board and the Supreme Court of Virginia.

The Commission was called upon to determine whether the employer correctly discharged Rodriguez for misconduct. Relying upon the fact that Rodriguez's license to practice law had been revoked by the Virginia State Bar, a determination upheld by the Supreme Court of

Virginia, the Commission did not err in concluding that the employer properly discharged Rodriguez due to the loss of his law license. Likewise, the circuit court's role in an appeal from the Commission is to determine if the Commission's findings of fact were supported by evidence. See Code § 60.2-625(A). Rodriguez cannot now attempt to attack collaterally the facially valid revocation of his Virginia law license.

III.

Rodriguez asserts the Commission failed to properly notify him of the employer's claim or give him an opportunity to respond. In fact, the record reveals that Rodriguez was provided the opportunity to present his case at the various Commission hearings and that he participated in all three fact-finding hearings. The employer issued a statement to the Commission and Rodriguez had the opportunity to provide a rebuttal statement. The Commission timely notified Rodriguez by mail of its decision and explained the reasons for finding him disqualified from receiving unemployment benefits. Therefore, we find no merit in Rodriguez's contentions.

IV.

Code § 60.2-618 provides that in determining whether a claimant is disqualified from receiving benefits, the Commission looks at the "separation from the last employing unit for whom he has worked 30 days or 240 hours or from any subsequent employing unit." Rodriguez was employed by De Novo Legal from January 29 until March 29, 2007 and worked for that employer for more than 240 hours during that time period.

Although Rodriguez worked for another employer from February through April 2007, the Commission determined he did not work for that employer for 30 days or 240 hours. The record supports the Commission's factual finding. The Commission correctly used De Novo Legal as the employing unit for determining whether Rodriguez was entitled to receive unemployment benefits.

V.

Rodriguez asserts that the trial judge "[w]ithout notice or hearing" issued a corrected statement of facts in violation of Rule 5A:8(d).

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Rodriguez failed to present this argument to the trial court. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For the reasons stated above, we affirm the circuit court's decision.

Affirmed.