COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


TIDEWATER MECHANICAL CONTRACTORS, INC.
 AND COMMONWEALTH CONTRACTORS GROUP
 SELF INSURANCE
                                    MEMORANDUM OPINION*
v.    Record No. 0368-99-1              PER CURIAM
                                     JUNE 15, 1999
DOUGLAS THOMAS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (William C. Walker; Donna White Kearney;
          Taylor & Walker, P.C., on brief), for
          appellants.

          (Robert J. Macbeth, Jr.; Chanda L. Wilson;
          Rutter, Walsh, Mills & Rutter, L.L.P., on
          brief), for appellee.


     Tidewater Mechanical Contractors, Inc. and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in (1) reversing the

deputy commissioner's credibility determination and finding that

Douglas Thomas proved he sustained an injury by accident arising

out of and in the course of his employment on January 13, 1997;

and (2) finding that Thomas proved that his disability was

causally related to the injury by accident.  Upon reviewing the

record and the briefs of the parties, we conclude that this appeal

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

I.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Although Thomas failed to persuade the deputy commissioner that he sustained an injury by accident on January 13, 1997, the commission reversed the deputy commissioner's decision and accepted Thomas's hearing testimony regarding the occurrence of the incident.  In so ruling, the commission noted that the initial medical report of January 15, 1997 indicated that Thomas's injury occurred after lifting a 300-pound box.  The commission also relied upon Dr. Richard Neff's January 22, 1997 medical report reflecting that the injury occurred while Thomas was moving boxes with another person, who could not hold his end.  The commission found that Thomas's co-worker and supervisor confirmed the occurrence of an identifiable incident

when they testified that Thomas complained that he pulled something in his groin area while lifting a heavy box. The commission "acknowledge[d] that there [were] inconsistencies in the details of the accident as reported by [Thomas], the co-worker, the supervisor, and as recorded by the various health care providers." However, the commission was persuasively convinced by "[t]he weight of the evidence . . . that [Thomas] sustained a sudden mechanical or structural change in his body resulting from an identifiable incident at work . . . on January 13, 1997, while he was lifting a heavy box."

Employer contends that the commission arbitrarily and capriciously disregarded and reversed the deputy commissioner's credibility determination. However, as we noted in Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992), the record does not contain a "specific recorded observation" concerning any witness' demeanor or appearance related to a credibility determination. The deputy commissioner merely concluded from the evidence before him that Thomas failed to meet his burden of proof. "Absent a specific, recorded observation regarding the behavior, demeanor or appearance of [the witnesses], the commission had no duty to explain its reasons for . . . [accepting Thomas's version of events.]" Id.

When the commission's findings are supported by credible evidence, as in this case, those findings are conclusive and binding on appeal.  See Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991).  Thomas testified that he, David Hines, and Thomas Teehan were moving boxes of metal pipe fittings.  As he and Hines were moving a box from a truck onto a mason's wheelbarrow, the box slipped and all the weight shifted to his side.  After Thomas held the box and placed it in the wheelbarrow, he felt pain in his groin, abdomen, and back.  Thomas reported the pain to Hines.  Teehan confirmed that "everything . . . [they] worked [that day] was heavy, a two man job" and that Thomas reported an injury to him after moving a box.  Hines also testified that "[n]ormally . . . two people . . . take the [300 pound] boxes."  Although he said Thomas tried to move one alone, he testified that Thomas reported an injury to him.

On January 15, 1997, when Thomas sought medical treatment because his pain had worsened, the emergency room triage report noted that Thomas complained of abdominal and groin pain from "lifting a 300 lb. box."  On January 22, 1997, Dr. Neff noted that Thomas was injured when "[t]he person on the other side could not hold his end.  The box went on [Thomas's] left side of his body and he complains of lower quadrant abdominal discomfort, left groin and testicular pain."

Based upon Thomas's testimony, which was essentially corroborated by his co-workers and the contemporaneous medical histories, we hold that credible evidence supports the commission's finding that Thomas suffered an injury by accident at work on January 13, 1997. "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence." Bullion, 14 Va. App. at 730, 418 S.E.2d at 907.

## II.

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). In ruling that Thomas proved that his disability was, at least in part, causally related to his January 13, 1997 injury by accident, the commission relied upon Dr. Neff's medical records and opinions.

Dr. Neff confirmed that he had been treating Thomas for a work-related injury to his low back which occurred on January 13, 1997, after a lifting accident. Dr. Neff referred Thomas to Dr. Felix Kirven, who continued to treat Thomas for residuals of the January 13, 1997 injury. Dr. Kirven's medical records historically related Thomas's symptoms to the January 13, 1997 injury by accident. Although the commission recognized that Thomas suffered from pre-existing degenerative disease, the

- 5 -

commission found that Thomas began working for employer in August 1996 and was able to perform arduous labor until his January 13, 1997 injury by accident. Dr. Neff's medical records and opinions, coupled with Dr. Kirven's medical records and Thomas's testimony, constitute credible evidence to support the commission's finding that Thomas's disability was caused in part by the injury by accident.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>